UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14005-T/P-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM HENRY COLLIER,

    Defendant.
_____/

FILED by ___ D.C.
NOV - 9 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING
## IN RESPECT TO PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on November 9, 2012 in respect to the allegations of violations of supervised release set forth in the Petition dated September 14, 2010, and this Court having received evidence and arguments of counsel, makes the following recommendations to the District Court.

    1.    The Petition alleges the Defendant violated his supervised release in respect to the four following violations:

**Violation Number 1**    **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about September 7, 2010, in Brevard County, Florida, the defendant committed the offense of robbery no firearm deadly weapon or other weapon, contrary to Florida statute 812.13(2c)(Brevard County Case No.: 05-2010CF44287).

**Violation Number 2**    **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about September 7, 2010, in Brevard County, Florida, the defendant committed the offense of grand theft third degree more than 300 less 20,000, contrary to Florida Statute 812.014(2c1)(Brevard County Case No.: 05-2010CF44287).

> **Violation Number 3**   **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about September 7, 2010, the defendant was arrested by the Palm Bay Police Department, Brevard County, Florida, and failed to advise the U.S. Probation Officer.
>
> **Violation Number 4**   **Violation of Standard Condition**, by leaving the judicial district without first securing permission of the probation officer. On or about September 7, 2010, the defendant traveled to Brevard County, Florida, without securing the permission of the probation officer or the Court, as evidence by his arrest.

2.   The government called as its sole witness United States Probation Officer Salamanca. Ms. Salamanca began supervising the Defendant on or about May 6, 2010. The Defendant's underlying conviction was for armed bank robbery in the Southern District of Indiana. Subsequent to completion of his prison sentence, the Defendant's supervision was transferred to this District.

3.   On or about May 6, 2010, Ms. Salamanca instructed the Defendant on his conditions of supervised release, which included the conditions which are alleged to have been violated in this Petition. The Defendant acknowledged being so advised and that he understood the conditions of supervised release.

4.   On or about September 7, 2010, Ms. Salamanca was notified by law enforcement officers in Palm Bay, Brevard County, Florida, of the Defendant's arrest on state criminal charges. Ms. Salamanca testified that the Defendant did not have permission to travel outside of the Southern District of Florida and into Brevard County which is in the Middle District of Florida. Further, the Defendant never contacted Ms. Salamanca within 72 hours of his arrest on these state charges in Brevard County.

5. Ms. Salamanca has obtained certified copies of the Defendant's convictions which resulted from his September 7, 2010 arrests in Brevard County, Florida. Counsel for the Defendant stipulated to those convictions which resulted after a jury trial. The Defendant was convicted of robbery without a firearm and the lesser included offense of petit theft arising out of his grand theft arrest as reflected in Violation Number 2 of this Petition.

6. On cross-examination, Ms. Salamanca testified that prior to these arrests on September 7, 2010 in Brevard County, Florida, the Defendant had been compliant with his conditions of supervised release. He had recently started a business and had been married. There was no indication of any problems according to Ms. Salamanca until such time as she was notified by the Brevard County law enforcement officers concerning the Defendant's September 7, 2010 arrest.

7. The Defendant presented no witnesses, evidence, or argument at the conclusion of the evidentiary hearing.

8. Based upon the evidence submitted, this Court announced at the conclusion of the evidentiary hearing that the government has sustained its burden in respect to each of the four violations of supervised release. First, the Defendant has been convicted of robbery without a firearm subsequent to his September 7, 2010 arrest as is reflected by the stipulation of counsel concerning that conviction. Secondly, the Defendant violated his supervised release set forth in Violation Number Two based upon his subsequent conviction for the lesser included offense of petit theft. Thirdly, the Defendant did not advise his U. S. Probation Officer within 72 hours of his arrest on September 7, 2010. Finally, the Defendant did not have permission to travel outside of

the Southern District of Florida and into Brevard County which is in the Middle District of Florida, which is set forth in Violation Number 4 of the Petition.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to each of the four violations set forth in the Petition referenced above and that the District Court set a sentencing hearing at its earliest convenience for final disposition of this matter.

**DONE AND SUBMITTED** this 7th day of November, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Russell Killinger
AFPD Fletcher Peacock
USPO Urania Salamanca
U.S. Marshal